**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICHARD K. CACIOPPO, | : | CIVIL ACTION NO. 08-3276 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| GEOFFREY J. WINTERS, et al., | : | |
| Defendants. | : | |

**THE PLAINTIFF**, who is pro se and a New Jersey citizen, bringing this action in New Jersey state court to recover damages for breach of contract against the defendants, (1) Geoffrey J. Winters, Tia Hunt Winters, Philip Schiavoni, s/h/a Philip Schiavone, Frederick Davis, and Steven J. Curley, who are citizens of Connecticut, (2) Ultraguard Corporation, which is deemed to be a citizen of Delaware and Connecticut, (3) Joan Cresap, s/h/a Joan Prescap, who is a citizen of New York, (4) Richard DeMarle, who is a citizen of Massachusetts, (5) Douglas C. Marty, who is a citizen of Florida, and (6) John Goodman, who is a citizen of Texas (dkt. entry no. 1, Rmv. Not. & Compl.); and the defendants removing the action based upon jurisdiction under 28 U.S.C. § ("Section") 1332 (see Rmv. Not.);[1] and

---

[1]  The action was also removable under Section 1331, as the plaintiff asserts a claim under the Racketeer Influenced & Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.  (Compl. at 36.)

**THE DEFENDANTS** separately moving, <u>inter</u> <u>alia</u>, to transfer

venue to the United States District Court for the District of

Connecticut pursuant to Section 1404 ("Separate Motions") (dkt.

entry no. 9, Mot. Br. at 12-14; dkt. entry no. 10, Separate Mot.

Br. at 12-14); and the Court deciding the Separate Motions

without oral argument, <u>see</u> Fed.R.Civ.P. 78(b); and

**IT APPEARING** that the plaintiff has not opposed the Separate

Motions, even though they have been pending for several months;

and it appearing that (1) most of the defendants are Connecticut

citizens, (2) most of the incidents underlying the allegations

occurred in Connecticut (<u>see</u> Compl. at 9-17, 24, 28 (detailing

meetings, communications, trips, fraudulent activities, issuance

of cease-and-desist orders, and state-court litigation in

Connecticut)), and (3) the plaintiff rented Connecticut property

(dkt. entry no. 10, Geoffrey J. Winters Certif. at 3); and

**THE COURT** having broad discretion under Section 1404 to

consider a transfer of venue to a district where an action might

have been more properly brought, <u>see</u> <u>Jumara v. State Farm Ins.</u>

<u>Co.</u>, 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and thus the

Court, in the Court's discretion, intending to (1) grant the

parts of the Separate Motions seeking to transfer venue to the

District of Connecticut, (2) deny without prejudice the parts of

the Separate Motions seeking other relief, and (3) transfer the

action to the District of Connecticut; and for good cause

appearing, the Court will issue an appropriate Order.


                                   s/ Mary L. Cooper
                                   **MARY L. COOPER**
                                   United States District Judge

Dated:  March 17, 2009